CASE 11—MOTION—JUNE 9

# Judy, &c., vs. Howard.

APPEAL FROM ESTILL CIRCUIT COURT.

1. Mere indulgence, without consideration, by an execution creditor to a constable who has collected the money, affords him no excuse for failing to make the proper return of the execution.

2. The law provides two distinct penalties against a constable for failing to return an execution, in addition to the amount thereof—one (ten per cent. damages) for failing to return it in twenty days after the return day, and the other (thirty per cent. damages) for failing to return it in thirty days, without reasonable excuse for such failure. Upon a motion against a constable and his sureties for failing to make due return of an execution, where the notice failed to show how long the constable had withheld the execution after the return day, or what amount of damages the plaintiff claimed, but only stated that the execution was not returned as required by law, and asked judgment for the amount of the execution, interest and costs, and the damages allowed by law, the plaintiff cannot recover the highest penalty, although the proof may show him entitled to it, but the smallest amount of damages allowed for a failure to return.

3. The statutes allowing damages against a constable for failing to return executions, within prescribed periods after the return days, are highly penal in their character, and in their enforcement the parties should be held to a strict observance of their requisitions.

This motion was instituted in the Estill quarterly court, from whose judgment the defendants appealed to the circuit court, and from the judgment of the latter court they prosecute this appeal.

BEN. F. RICE, for appellants, cited *Revised Statutes, p.* 187, *sec.* 2, *art.* 4.

A. W. QUINN, for appellee, cited 4 *Mon.*, 492; 3 *J. J. Mar.*, 527; 1 *B. Mon* , 323; *Rev. Statutes, p.* 329, *sec.* 4; *Session Acts,* 1855–6, *p.* 45.

S. M. BARNES, on same side, cited *Rev. Statutes, p.* 329, *sec.* 4.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

The constable, in our opinion, failed to show any valid excuse for not returning the execution in question.

If, as the witness says, the admission of Howard, with regard to his consent that Judy might retain the balance of the money, was made in March, 1858, it could not have related to the execution which issued in the month of April following. If, however, the witness was mistaken as to the time, and the consent was made after the issual of the execution in April, still it afforded no just excuse for failing to make the proper return. It neither put him off his guard in relation to his official duty, nor was it in any wise calculated to lull or deceive him. The consent had no reference whatever to the return of the execution, but was a mere indulgence, brought about at the request of Judy, without consideration, and did not in any wise operate to prevent Howard from enforcing his rights at any time against the officer.

It seems to us, however, that error was committed in adjudging *thirty per cent.* damages against appellants.

The notice fails to state how long the constable had withheld the execution after its return day—whether twenty or thirty days; and likewise fails to show what amount of damages the plaintiff claimed. It only states that the execution

was not returned as required by law, and that a judgment will be asked for the amount of the execution, interest and costs, and the damages allowed by law.

The Revised Statutes (*chap.* 20, *art.* 4, *sec.* 3, *p* 187) make a constable and his sureties liable for the amount of an execution, and *ten per cent.* damages, when the constable fails to return it to the proper office within *twenty days* after the return day, without reasonable excuse for such failure; and in *chap.* 36, *art.* 18, *sec.* 4, *p.* 329, also provide that "a sheriff, or other like officer," who fails to return an execution for *thirty days* after the return day, without reasonable excuse for such failure, shall be liable for the amount of the execution and *thirty per cent.* damages to the plaintiff therein.

Thus the law provides two distinct penalties in such cases— one for failing to return in twenty days after the return day, and the other for failing to return in thirty days.

These statutes have always been regarded as highly penal in their character; and in their enforcement courts have held the parties to a strict observance of their requisitions.

It would be a departure from this rule to allow a party upon a notice like that in this case, which fails to apprise the constable and his sureties under which statute he will proceed, what penalty he is seeking to enforce, or what character of failure he complains of, to claim the highest penalty, although the proof may show him entitled to it. It might be that the constable would be prepared to meet one character of case, and not the other. He should be apprised by the notice under which statute, and for what penalty, the plaintiff in the execution is proceeding; and on the failure thus to designate the damages claimed, or the failure complained of, the plaintiff should not be allowed to go beyond the penalty prescribed for the lesser offense—that is, for the smallest amount of damages allowed for a failure to return. The judgment in this case should have been for the balance of the execution, interest and costs, due when the motion was made, and *ten per cent.* damages thereon.

For the reasons stated the judgment is *reversed*, and cause remanded for a judgment as herein indicated.