## REBECCA S. PERKINS *vs.* GEORGE S. JEWETT.

If the owner of a homestead purchases adjoining land which fronts upon another street, and never occupies it himself as a part of his homestead, or uses it in any manner in connection therewith, or takes down the fence which separates it therefrom, but for many years and until his death lets it to tenants, it will not pass under a devise of his house lot; although he bought it for the purpose of having a passage from the other street to the back part of his house lot, and repeatedly said that he bought it for his personal use and for the benefit of his house lot and in order to annex it thereto.

WRIT OF ENTRY. Plea, *nul disseisin.*

At the trial in the superior court, before *Ames,* J., it appeared that both parties claim the demanded premises under Francis Perkins, who died in August 1859, leaving a will dated April 7th 1853; the demandant, who is his widow, claiming under the following devise to her: "Also my dwelling-house, out-buildings and house lot constituting my homestead estate;" and the tenant claiming under the residuary devise. The following plan exhibits the situation of the premises:

Academy Street.

In 1825 the testator erected the house and barn upon the lot in which they are inclosed, as shown in the plan, and continued to live there with his wife until he died. In 1844 he purchased the lot fronting on Academy Street, conveyed away a portion of it, and kept the remainder, which is the lot now in dispute. This lot was separated from his homestead by a board fence which was not taken down in his lifetime. For a number of years after the purchase the testator allowed one of the neighbors to use this lot for a garden, but from 1853 until his death he let it for a wood-yard. The only access to the barn and back part of the homestead was originally from Main Street.

Evidence was offered tending to show that the testator bought the demanded premises for the purpose of having a passage from Academy Street to the back part of his homestead lot; that he repeatedly refused to sell the same, and said it was not for sale, but that he bought it for his own personal use and for the benefit of his front lot and to annex it thereto. Some of the demandant's witnesses testified that he said he bought it so as to control it, and to prevent its being occupied in such a way or by such persons as to incommode or annoy him in his homestead. The demandant herself testified that he bought it for an opening for his orchard and garden. It did not appear that he ever used it as a passage, or made any personal use of it, anc

in fact it was not so used by him or any of his family. There was no evidence that he ever called it his homestead, or spoke of it as a part of his homestead.

The judge ruled that, assuming the facts of the case to be as stated by the demandant's witnesses and as claimed by her, and drawing all proper and legitimate inferences therefrom, the demandant was not entitled to recover; that the demanded premises were not contiguous to the dwelling-house, not united to the original homestead by removing the division fence, and not in any way used in connection therewith ; that the only ground on which it could be considered as part of the homestead could be found in the purpose and object with which the testator made the purchase ; and that an intention of making over it a passage way at some future time, and upon the contingency of its being wanted, (it appearing that that intention had never been carried into effect, and that contingency had not happened, and that no personal use had been made of the lot by the testator,) would not make the lot in question a part of the homestead, even though it was purchased for the purpose of securing the means of obtaining such a passage way. The judge therefore ruled that the demanded premises did not pass by the devise to the demandant, and directed a verdict for the tenant, which was rendered accordingly. The demandant alleged exceptions.

*D. S. Richardson & C. H. B. Snow*, for the demandant. The devise to the widow should be beneficially construed, and it would be a narrow construction to say that the testator meant that this lot should go into other hands, and his widow who took the homestead should be deprived of this which he for so many years considered essential to hold in connection with the dwelling-house. This holding by him, his repeated declarations of his object in so doing, and its relation to his other land sufficiently made it a part of his homestead estate; and the permission to others to occupy it for purposes not inconsistent therewith and the omission to take down the fence cannot be considered as showing an intention to devise it as an outlot. See *Thatcher v. Howland,* 2 Met. 45; *Taylor* v. *Mixter*, 11 Pick. 347; *Aldrich v. Gaskill,* 10 Cush. 157; *Allen* v. *Richards*, 5 Pick. 512;

*Smith* v. *Martin*, 2 Saund. 400, *n.*; *Winchester* v. *Hees*, 35 N. H 43. If the court cannot see that the demanded premises pass to the demandant on the facts proved, the case should be submitted to a jury to determine other facts from the evidence, and partic ularly whether the premises are reasonably necessary for the con- venient enjoyment or the beneficial use or disposal of the res of the estate.

*N. Wood*, for the tenant, cited *Brown* v. *Saltonstall*, 3 Met 423; *Eliot* v. *Carter*, 12 Pick. 436; *Otis* v. *Smith*, 9 Pick. 293 · *Buck* v. *Nurton*, 1 B. & P. 53; *Allen* v. *Richards*, 5 Pick. 512; *Jackson* v. *Moyer*, 13 Johns. 531; *Doe* v. *Collins*, 2 T. R. 498.

DEWEY, J. The devise under which the demandant claims to hold the demanded premises is in these words: " Also my dwelling-house, outbuildings and house lot constituting my homestead estate." No other clause in the will gives us any aid in the construction of this devise. In deciding upon the particular parcel of land embraced in the devise, we are to refer to external objects and facts existing *aliunde*. If we find that there existed at the death of the testator a well defined home-stead estate, known and used as such by him, and corresponding with the description given in the devise, and which exhausts the devise, such homestead passes under the will.

In the present instance, we do find that the testator as early as 1825 became the owner of a house lot, upon which he erected a house and outbuildings, and upon which he resided until his death in 1859. The application of this devise to these premises would present no difficulty. It would satisfy all calls of the devise, and give full effect to the words used. The case there-fore requires no extended or doubtful construction or application of the will, to find a proper subject to which the devise may be applied. Such was the well known homestead of the testator up to the year 1844. In that year he purchased an adjoining piece of land in the rear of his house lot, fronting upor another street, and subsequently sold a part of it, and retained the resi-due; and the further inquiry is, whether this latter parcel is em-braced in the devise to the demandant? It is adjoining the old homestead lot, but separated by a board fence, and has always

remained thus separated. It has not been used by the testator in connection with the old homestead, but occupied by tenants who paid rent therefor, and used it for a garden and a woodyard.

The demandant's evidence tended to show that the testator bought this lot for the purpose of having a passage from Academy Street to the back of his other lot, his house fronting on Main Street. But it was admitted that he never used it as a passage, or made any use of it whatever by himself or his family. There was also evidence that he had refused to sell the lot, declaring that he bought it for the benefit of his front lot, and for his own convenience, and to annex to his home lot. But there was no evidence that he ever called it his homestead, or spoke of it as a part of his homestead.

In deciding whether this lot thus purchased in 1844 was in fact attached to the homestead, so as to be parcel thereof, the fact of unity of possession and actual occupation in common with the former estate have been regarded as the most decisive tests. When these have existed, great latitude of construction has been permitted, to carry out the supposed intention of the testator to embrace as a part of his devise the land newly attached to his old homestead. Occupation or non-occupation of the newly purchased lot by the owner of the old homestead in connection therewith must be considered as a most important element, upon the question whether it ever became a part of the homestead. *Otis* v. *Smith,* 9 Pick. 296. *Eliot* v. *Thatcher,* 2 Met. 44, *n.* Not that the circumstance that a portion of a well known and defined homestead has been occupied temporarily by a tenant would affect the construction of a devise, or prevent the entire homestead from passing as a homestead to a devisee; but the case to which the principle we have stated applies is, where there is the absence of any previous use and occupation of the premises as a homestead at any time.

The fact of being under one common inclosure or not would also be a circumstance of some weight. But here it appears that the fence which separated the two parcels when owned

by different owners remained unchanged from 1844 to the death of the testator.

The evidence indicating a purpose of the testator to have the control of this lot in his own hands, and to use it for any objects which might suit his convenience, or to annex it to his homestead, fails to establish the fact of its becoming a part of the homestead. The difficulty in sustaining the claim in behalf of the demandant is, that nothing was ever done from the time of the purchase of this lot to the death of the testator, a period of fifteen years, in the least indicative of an annexation of this parcel to the homestead lot, as parcel thereof.

The intentions of the testator as to the future appropriation and use of the newly purchased lot, whatever they may have been prospectively, were not executed, and did not fix upon it the character of a homestead, or parcel thereof.

The case of the demandant cannot be put upon the ground suggested by her counsel, that this lot is necessary for the convenient enjoyment and use of the house lot, as the evidence shows no such necessity. The question in the present case is as to a matter of fact, namely, had this parcel become a part of the house lot and homestead of the testator ? Except that he had acquired a legal title to it, we see no acts done by him giving to this lot this character.

In the opinion of the court, the superior court, for the reasons assigned by them, as stated in the bill of exceptions, properly ruled that the demanded premises did not pass by the devise to the demandant. *Exceptions overruled.*