ANDROSCOGGIN SAVINGS BANK, in equity,

*vs.*

WILLIAM A. McKENNEY.

Androscoggin.   Opinion December 8, 1886.

### Mortgages.   Payment.

When a mortgagee, who holds two mortgages, one of real and the other of personal estate, to secure the payment of the same debt, forecloses the personal mortgage, takes possession of the property and converts it to his own use, if its value exceeds the debt secured, it operates as a payment or satisfaction of it. There is no longer an existing debt to uphold the real mortagage.

ON BILL, answer and proof.

When the cause came on for hearing at *nisi prius* the following order was passed :

"This cause having come on for hearing and the justice presiding being of the opinion that there are questions of law involved of sufficient importance to justify, and the parties thereto agreeing, the cause is referred to the law court next to be holden ·in this district."

The material facts are stated in the opinion.

*Frye, Cotton and White,* for the plaintiff, cited : 1 Jones, Mortgages, § § 864, 858 ; 3 Pomeroy, Eq. Jur. §§ 1206, 1213 ; *Brown* v. *Lapham,* 3 Cush. 555 ; *Kilborn* v. *Robbins,* 8 Allen, 466 ; *Butler* v. *Seward,* 10 Allen 466 ; *McCabe* v.

*Swap*, 14 Allen, 188 ; 1 Jones, Mortgages, § 743 ; *Welch* v. *Beers*, 8 Allen, 151 ; *Bradley* v. *George*, 2 Allen, 392 ; *Brown* v. *Simons*, 44 N. H. 478 ; 1 Story, Eq. Jur. § § 700, 705 ; *Clouston* v. *Shearer*, 99 Mass. 209 ; *Wyman* v. *Fox*, 59 Maine, 100.

*Savage and Oakes* for the defendant.

Equity upon this subject " is not guided by the rules of law. It will sometimes hold a charge extinguished where it would subsist at law ; and sometimes preserve it when at law it would be merged. The question is upon the intention, actual or presumed, of the person in whom the interests are united. This intention is a question of fact, and is to be tried and determined in the same manner as are other issues." The intention is generally determined by the interest, though all the surrounding circumstances are to be considered. 1 Jones, Mortgages, 848, 856, 858 ; 24 Maine, 427 ; 3 Maine, 260 ; 7 Maine, 102 ; 7 Maine, 377 ; 34 Maine, 50, 299 ; 14 Maine, 9 ; 16 Maine, 146 ; 22 Maine, 85 ; 24 Maine, 332 ; 3 Pick. 475 ; 5 Pick. 146 ; 8 Met. 517 ; 2 Allen, 300.

LIBBEY, J. This is a bill in equity, praying for a decree requiring the respondent to release and cancel a mortgage given by Roland E. Patterson to Frank W. Dana, held by him as assignee. The case comes before this court on bill, answer and proofs.

The facts material to the determination of the case are as follows : On the fourth day of April, 1883, said Patterson mortgaged the land in controversy, to said Dana, to secure the payment of one thousand seven hundred and sixty dollars. On the same day he mortgaged to him certain personal property, to secure the payment of the same debt.

On the sixth of April, 1883, the complainant commenced an action of assumpsit against Patterson and attached his real estate, and prosecuted its action to judgment, and within thirty days from the rendition of judgment, duly levied its execution on the land embraced in said mortgage.

On the second day of November, 1883, William Lydston

bought of said Patterson, the personal property embraced in the mortgage to Dana, subject to the mortgage, "which said Lydston assumes and agrees to pay."

On the eighth day of said November, Lydston paid to Dana the balance then due on the debt secured by said mortgages, amounting to one thousand four hundred and sixty-five dollars and seventy-eight cents, and took from him an assignment of both mortgages. Before the assignment, Dana had taken the necessary steps to foreclose the personal mortgage, and the foreclosure became absolute soon after. At the time of the assignment and foreclosure the personal property was worth more than the amount due on the mortgage debt. It came into the possession of Lydston and was converted by him to his own use. On the fifteenth of September, 1885, Lydston assigned the mortgage of the land to the respondent.

We are of opinion that, upon these facts, the mortgage debt had, in law, been fully paid, and that the respondent took nothing by the assignment. Lydston, by the terms of his bill of sale of the personal property, assumed the debt and agreed to pay it. He did pay it to Dana. But the respondent claims that it was agreed, *verbally,* between Patterson and Lydston, at the time of the purchase of the personal property by Lydston, and that this agreement was a part of the transaction at the time, that Lydston should have an assignment from Dana, of both mortgages. Dana was not a party to this agreement. Now if this be so we cannot see that it changes the result. The respondent, by the assignments from Dana to Lydston and from Lydston to him, can stand no better than Dana would, on the same facts.

When a mortgagee who holds two mortgages, one of real and the other of personal estate, to secure the payment of the same debt, forecloses the personal mortgage, takes possession of the property and converts it to his own use, if its value exceeds the debt secured, it operates as a payment or satisfaction of it. There is no longer an existing debt to uphold the real mortgage, and it is as effectually extinguished, as if the debt had been paid in money.

Before the assignment to the respondent, Lydston, had received the personal property mortgaged, of a value not only sufficient to pay the mortgage debt, but the three hundred dollars also, which, by the contract with Patterson, he was to pay him as fast as he should receive it after the payment of the mortgage. The mortgage debt having been paid, the respondent took nothing by the assignment. There must be a decree that the respondent execute and deliver to the complainant, a discharge of the mortgage held by him with costs for complainant. R. S, c. 90, § 15.

*Decree accordingly.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.