[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this action against her landlord alleging an illegal lockout. The defendant has defended on the grounds of an abandonment.
Abandonment is a question of fact. Blum v. Lisbon Leasing Corp., 173 Conn. 175, 182 (1977). In order to determine whether property has been abandoned, the court must determine the intent of the owner. Favorite v. Miller, 176 Conn. 310 (1978).
Along with intent, there must be some act or omission by which abandonment is manifested and non-use and lapse of time, though not enough standing alone, may be competent evidence of intent. Glotzer v. Keyes, 125 Conn. 227, 233 (1939). CT Page 108
In this case, the plaintiff called the defendant's agent to state that she intended to return. It was after this call that the defendant changed the locks on the apartment. The defendant had written to the plaintiff at the apartment and a notice to quit had been served there.
Since the defendant raised the defense of abandonment at trial, he must prove it. The court finds the plaintiff was in possession of the apartment and that despite her temporary absence, she intended to return and so advised the defendant. The defendant has not proved abandonment and the action of changing the locks after receipt of the plaintiff's phone call represents an affirmative act performed after the plaintiff's intent had been announced. (See also Berlingo v. Sterling Ocean House, Inc.,5 Conn. App. 302 at 308 and 308A (1985).
Judgment may enter that the plaintiff be restored to the premises and the defendant is enjoined from unlawfully entering the premises or in any way interfering with the plaintiff's right to occupy.
Further proceedings will be held should the plaintiff move for an award of damages, etc.
Anthony V. DeMayo, Judge