[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court are the claims by plaintiffs under their three-count complaint and the claims of defendant under its two-count counterclaim.
Plaintiffs are June M. Kupfer, Trustee, who owns the subject premises known as 4 River Road, Wallingford: and Alfred W. Rousseau, who is the beneficial owner of the subject property.
Defendant is Cumberland Farms, Inc., a corporation authorized as a foreign corporation to do business in Connecticut.
Based on the allegations of their complaint, plaintiffs claim the following relief.
 "1. An action to quiet title and to discharge any interest the defendant may have to the subject premises;
2. Damages; and
 3. Such other legal and equitable relief as the Court deems appropriate."
Under First Count, plaintiffs allege that defendant occupied and was in possession of the subject property on which it operated a convenience and self-service gasoline retail facility; that, on or about September 1, 1989, defendant quit possession and abandoned the subject property; that subsequently, said premises were subject to vandalism and waste; and that defendant may claim an interest in the subject property.
Under Second Count, plaintiffs incorporate by reference the allegations of First Count and allege a claim for waste and damages pursuant to 52-563 of the General Statutes.
Under Third Count, plaintiffs incorporate by reference the allegations of First Count and allege that defendant has breached its lease with plaintiffs by its failure to occupy the subject property and by its allowing waste to occur to the subject CT Page 2517 property.
Based on the allegations of its counterclaim, defendant claims the following relief:
"1. Just damages.
 2. An order that June M. Kupfer, et al. be ordered to immediately replace said underground tanks.
 3. Such other legal and equitable relief, including attorneys fees, punitive damages separately and under Section 42-110(g) as the Court deems appropriate."
Under First Count of its counterclaim, defendant alleges that it leased the subject property for use as a gasoline station facility and food store, that the lease has been recorded in the Wallingford Land Records, that at the time of the leasing, the subject property contained underground gasoline storage tanks, that the parties contemplated that the subject property would be used as a gasoline station during the term of the lease, that the lease is presently in effect under the exercise of options until June 30, 1996, that the State of Connecticut, under 22A-449 of the General Statutes, ordered the underground storage tanks on the subject property be replaced with new tanks on or before November 1, 1988, that plaintiffs have refused to replace said tanks and defendant has thereby been forced to temporarily cease selling gasoline products and food store products and it has lost profits and will continue to do so for the remainder of the lease or until the tanks have been replaced.
Under Second Count, defendant incorporates by reference the allegations of First Count and alleges that plaintiffs have refused to make repairs and/or replacements on said premises and are unwilling to honor the terms of the lease and are forcing defendant to expend the "approximate sum of $7,000.00 (sic)" to replace the tanks or to vacate the subject property and thereby plaintiffs are in violation of 42-110(b) of the General Statutes.
Based on the admissions in the pleadings and the sparse evidence presented by the parties, the court finds the facts stated in this memorandum.
Pursuant to a written lease dated May 14, 1976, defendant leased the subject property. Said lease is recorded in the Wallingford Land Records at Vol. 440, pages 657-659; said lease has not been released.
The initial term of said lease commences July 1, 1976 and ends on June 30, 1981. Said lease is thereafter "automatically CT Page 2518 extended for 3 periods of 5 years each period unless Lessee gives to Lessor a notice in writing" as provided by paragraph 13 thereof.
In addition to the rights to occupy and use the subject property for any lawful purpose, including the right to operate a store dealing in food products and the dispensing of petroleum products, defendant was given certain rights to purchase the subject property.
During the term of the lease prior to September 1, 1989, defendant occupied and used the subject property to operate a store dealing in the sale of food products and to sell petroleum products.
Since September 1, 1989, defendant has ceased operating said store and selling petroleum products and it has not physically occupied the subject property since said date. Defendant continues to pay rent to plaintiffs in accordance with the terms of said lease and plaintiffs continue to accept said rental payments.
At some time in September of 1989, plaintiffs boarded up the store on the subject property because unknown persons had broken some windows in the store and caused unspecified damage to the interior of the store.
"The State of Connecticut through the Department of Environmental Protection under authority of Section 22A-449 of The Connecticut General Statutes, has ordered that all underground storage tanks that have exceeded their life expectancy, as defined by said statute, shall be replaced with new tanks on or before November 1, 1988, under civil and criminal penalties. Said tanks on the subject premises have exceeded their life expectancy."
Plaintiffs have demanded of the defendant that it replace said tanks at its expense; defendant refuses to do so.
Defendant has demanded of the plaintiffs that they replace said tanks at their expense, plaintiffs refuse to do so.
Defendant's claims for relief should be denied.
At trial defendant withdrew its claims for damages.
In a prior action between these parties, i.e. CVM-8810-0146, Judicial District of New Haven, Housing Session at Meriden, defendant claimed a temporary and permanent injunction requiring plaintiffs to comply with the order of the DEP by replacing the gasoline tanks. These claims for equitable relief were denied on CT Page 2519 the merits after a trial. In this action, defendant's claims for relief, i.e. that plaintiffs be ordered to replace said tanks, is the same claim previously litigated between these parties. Defendant is bound by said decision and it cannot relitigate that issue and claim, State v. Ellis, 197 Conn. 436, 461-469; for this reason all other claims for relief by defendant are denied.
Accordingly, judgment is rendered for plaintiffs on each count of defendant's counterclaim.
Plaintiffs have failed to prove by a fair preponderance of the evidence that defendant has abandoned the subject property. Based upon the evidence, defendant does intend to pay rent in accordance with the terms of the lease and does intend to retain its right to possession; it does not intend to abandon or relinquish its rights under the lease. Glotzer v. Keyes,125 Conn. 227. Under the circumstances of this case, defendant's non-user is given no weight by the court on the issue of abandonment.
Upon the evidence, plaintiffs have proved by a fair preponderance of the evidence that defendant has by its "voluntary inactions" caused damage to the subject property; said "voluntary inactions" caused waste, i.e. "permissive" waste within the meaning of 52-563 of the General Statutes.
By implication of law, defendant, as tenant, has a duty to keep the premises from falling into a state of disrepair which may reasonably be expected to adversely affect the estate reverting to the lessor. Powell on Real Property, Vol. 5, 640 Am.Jur.2d Landlord/Tenant, 922, 923, 930, 939; Am.Jur.2d, Waste, 1, 3, 20, 21.
When defendant decided to pay rent, to retain its right to possession of the subject property and not use the subject property, it did nothing to reasonably protect the property from damage by third persons. As a result of defendant's inaction, third persons were able to break windows and damage the interior of the structure which is part of the subject property.
Plaintiffs are entitled to damages to the subject property so caused by defendant's "voluntary inactions." Because plaintiffs have produced no evidence as to the cost of repair, plaintiffs may receive only nominal damages.
Accordingly, judgment is hereby entered for plaintiffs in the sum of $1.00 under Second Count of the Complaint as damages for waste; judgment is hereby entered for defendant on First Count and Third Count of the Complaint.
Ronald J. Fracasse, Judge. CT Page 2520