[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Connecticut Housing Finance Authority (hereafter "CHFA" ), filed this action on August 19, 1991 against the defendants, Charles R. Henderson and Wilhelmina Henderson, to foreclose a mortgage on their residence. Jerome Goldman, Trustee, and Old Ridge Builders, holders of inferior mortgages on the property, are also named as defendants. CT Page 2382
The Hendersons mortgaged their property, located at 4 Tom Thumb Lane in Danbury, to secure a note in the amount of eighty-three thousand six hundred ($83,600.00) dollars from First Federal Savings and Loan Association of waterbury on March 22, 1984. On the same date, that mortgage was sold and assigned to CHFA and duly recorded in the Danbury Land Records.
In a prior foreclosure action between these parties, (Connecticut Housing Finance Authority v. Henderson ), Docket No. CV89-29 92 28 S, the court entered an order on November 13, 1990 (Pickett, J.) restructuring the debt payments in accordance with Sec. 49-31d et seq. of the General Statutes, popularly known as the foreclosure moratorium act. The Hendersons failed to tender payments due under the debt restructuring for the months of May and June, 1991, prior to July, 1991. On said date, however, Charles Henderson tendered three checks to the plaintiff's collection agent, McCue Mortgage Company, in an amount sufficient to satisfy the payments due for May, June and July of 1991. On July 25, 1991, CHFA's counsel returned the three checks uncashed declaring that his client would proceed with a foreclosure action because of the failure of the defendants to adhere to the payment schedule defined in the court order. The plaintiff's motion for default for failure to disclose a defense was granted by the court (Fuller, J.) as to defendants, Goldman and Old Ridge Builders, on October 8, 1991.
"Practice Book, Sec. 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990).
CHFA argues that the failure of defendants, Charles and Wilhelmina, to tender timely payments placed them in default on the mortgage as restructured, entitling it to a judgment of foreclosure as a matter of law. The Hendersons argue that they were not in default at the time this action was commenced because the terms of the original mortgage note remained in effect during the restructuring period and only the amount payable under the debt was altered. The terms of the original note require CHFA to give notice of acceleration of the debt to the defendants, as well as an opportunity to CT Page 2383 reinstate the mortgage.
The statutory definition of "restructured mortgage debt" is "the adjustment by a court of a mortgage debt to give protection from a foreclosure action." See Sec.49-31d(3) of the General Statutes. The term "protection from foreclosure" is defined under Sec. 49-31d(4) as a "court-ordered restructuring of a mortgage debt designed to eliminate an arrearage in payments on such debt. . . ." This court is indeed satisfied that the statute refers only to a restructuring of the debt, and not to any other terms of the mortgage agreement. Therefore, while the payments on the debt are altered, all other terms of the mortgage agreement remain in full force and effect throughout the restructuring period. The resolution of this issue is not dispositive of the case.
Regarding the foreclosure moratorium act, one foreclosure author states that
 [t]he act does not address the consequences of the owner's failure to make these payments . . . however, the failure to pay could certainly form the basis for a plaintiff's effort to seek a termination of the stay. Such a termination is not self-executing, and the court would want to investigate the owner's reasons for the default before acting on a motion seeking to vacate the stay.
R. Caron, Connecticut Foreclosures, 2nd Ed., 1989. In the absence of statutory guidance, the court may apply principles of equity, since "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Glotzer v. Keyes, 125 Conn. 227,231.
Rather than seek a termination of the stay in the prior action, CHFA has instead chosen to bring an entirely new foreclosure action against the defendants. As a result of choosing that course of action, the court will not permit CHFA to rely upon any notice of default served in pursuance of the original action. It must, therefore, pursue this new foreclosure action from the beginning in full compliance with the default provisions of the original mortgage note.
Accordingly, this motion for summary judgment is, accordingly, denied. CT Page 2384
MORAGHAN, JUDGE