[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant[1] moves to reopen a judgment of strict foreclosure after title has vested in the plaintiff on the ground that the court did not have jurisdiction over the property foreclosed upon because the property was inaccurately described in the complaint.[2]
A challenge to the court's jurisdiction is appropriately made by a motion to dismiss (Conn. Practice Book §§ 142-146) and the instant motion will be so treated by the court. The basis upon which defendant asserts the court lacks jurisdiction creates an issue of first impression.
The underlying facts are as follows: On August 23, 1993 Dime Savings Bank of New York, FSB (hereinafter Dime) commenced an action to foreclose a mortgage note and deed in the principal amount of $94,300 against the mortgagor and owner of the subject property, Maurice E. Richardson. The plaintiff in the instant action, Southridge Condominium Association, was named defendant in the Dime action. The complaint in the Dime action identified the premises being foreclosed upon as "489 Wolcott Street, Unit 72 aka Unit 13-1, Bristol, Connecticut 06010." A judgment of foreclosure by sale entered on December 13, 1993. The committee advertised the property to be sold at public auction as "Unit 72 aka 13-1, 489 Wolcott Street, Bristol, Connecticut. The sale took place on February 5, 1994. Dime was the successful bidder at $63,000 and its attorney acknowledged on behalf of Dime in the bond for deed between Dime and the committee that, "I am aware that this land and building known as 489 Wolcott Street, 72, aka unit 13-1 Southridge Condominium, Bristol, Connecticut, is sold to me subject to: CT Page 5770
(a) Taxes due the Town of Bristol . .
 (b) Condominium charges due Southridge Condominium Association in the amount of $1881.83 through February 1994;"
The sale was approved by the Court on April 7, 1994 and on that day title vested in Dime.
The committee deed to Dime recites that Dime in its complaint claimed a foreclosure of a mortgage on premises known as "No. 489 Wolcott Road, 72, City of Bristol", and conveyed "Unit No. 13-1
in a common interest community known as Southridge Condominiums. . ."
The Declaration of Southridge Condominiums does not list a unit numbered 72 but units numbered 1-1 through 13-6.
On June 1, 1994, counsel for the condominium association, plaintiff in the instant action, wrote to Tom Alexander of Dime at Uniondale, New York, requesting payment of six months common charges accruing prior to the institution of Dime's action, plus common charges accruing after Dime took title and legal fees. When Dime did not respond, the plaintiff condominium association started this action on July 13, 1994 by service upon Dime through the Secretary of State, to foreclose for its unpaid common charges. The property foreclosed upon is identified in the plaintiff's complaint as "Unit 72 in a common interest community known as Southridge Condominium. . ." On Dime being served, a Mr. Ron Willis, a paralegal in a New York law firm representing Dime, phoned plaintiff's counsel and asked for a breakdown of the common charges due. Plaintiff's counsel faxed the information to Mr. Willis on August 11, 1994 and on that day Mr. Willis told plaintiff's counsel that Dime did not intend to pay because it was selling the unit and the new owner would pick up the charges.
The instant action proceeded to judgment before Judge Samuel Freed on September 19, 1994. Dime had not entered an appearance so it was defaulted. The debt was found to be $1597.30. Counsel fee of $1,000, appraisal fee of $300 and title fee of $150 were awarded. The property was found to have a fair market value of $77,000. The judgment of strict foreclosure provided for a law day of October 31, 1994 for Dime, the only defendant. Dime did not appeal and failed to redeem. Accordingly title vested the CT Page 5771 next day, November 1, 1994, in the plaintiff.
In its motion "to reopen," Dime claims the court lacks in rem
jurisdiction.
A foreclosure action is partly in rem to obtain sale and possession of the property being foreclosed upon and partly inpersonam to ascertain the debt of the mortgagor and obtain personal judgment against him. 55 Am.Jur.2d Mortgages § 553; Stephenson, Connecticut Civil Procedures, § 44.
The court has personal jurisdiction over Dime as a result of service upon the Secretary of the State, pursuant to CGS § 33-411. It has subject matter jurisdiction because it "has authority to adjudicate the type of controversy involved in the action." 1 Restatement of the Law of Judgment 2d § 11. Clearly the court can decide foreclosure actions. CGS § 49-1
et seq.
Defendant contends that the court lacks in rem jurisdiction because the condominium unit foreclosed upon was not properly identified. Defendant cites no authority for this contention and this court believes none exists, or if it does, would apply to this case.
If this subject property were located outside the state of Connecticut, the jurisdiction of this court to foreclose on that property could, of course, be challenged. If the property being foreclosed upon is located in Connecticut, but is misdescribed, then, conceivably, the foreclosure judgment may be challenged as it applies to that property, but not the jurisdiction of the court to render the judgment.
Even when there is an error in the description of land in deeds, our rule is that "if the description in the deed, when read in the light of surrounding circumstances, leaves no doubt of the identity of the land to be conveyed, the courts will recognize the effectiveness of the deed." Loeb v. Al-MarCorporation, 42 Conn. Sup. 279, 289 4 Conn. L. Rptr. 788 (1992);Peck v. Lee, 110 Conn. 374, 375 (1930).
In First Constitution Bank v. Harbor Village Ltd Partnership,230 Conn. 807 (1994) a mechanics lien was held valid even when the schedule describing the land was not annexed to the lien filed in the land records and despite a statute (§ 49-34) CT Page 5772 requiring the lien describe the premises. The court based its decision on the fact the lien was properly indexed by grantor-grantee in the land records, and the party challenging the validity of the lien was not prejudiced by the mistake.
The standard of precision of description of property in a foreclosure complaint cannot be higher than in a deed. Moreover, there can be no doubt under the circumstances of this case that unit 72, stated in the complaint, is the same as unit 13-1 in the condominium declaration. Repeatedly in Dime's foreclosure action against Richardson, Dime itself refers to "unit 72, aka 13-1, 489 Wolcott Street, Bristol, Connecticut."
Dime annexed to its motion an affidavit of a title searcher that he could find no lis pendens or certificate of foreclosure recorded by Southridge Condominium Association referring to a unit 13-1. But this is spurious, because the index would show Richardson as grantee of unit 13-1, the lis pendens of Dime's foreclosure action against Richardson, the Committee deed to Dime reciting Dime's complaint claiming a foreclosure of a mortgage on premises known as "No. 489 Wolcott Street 72, City of Bristol", and the lis pendens and certificate of foreclosure of the plaintiff condominium association against Dime. No claim is made that Richardson owned any real estate in Bristol other than the condominium foreclosed upon. Dime, being the only defendant in this action, cannot credibly claim confusion or prejudice. FirstConstitution Bank v. Harbor Village Ltd. Partnership, supra 818-821.
Thus this court concludes the complaint in this action adequately describes the subject property and the court does havein rem jurisdiction.
If the defendant's motion is deemed to be a motion to reopen the judgment it must fail because it was brought on December 30, 1994 and title vested in the plaintiff on November 1, 1994. Section 49-15 clearly provides "no such judgment [foreclosing the title to real estate by strict foreclosure] shall be opened after the title has become absolute in an encumbrancer." MeridenSavings Bank v. Sujdak, 124 Conn. 604, 610-11 (1938); BarclaysBank of New York v. Ivler, 20 Conn. App. 163, 166, (1989) cert. denied, 213 Conn. 809. Merry-Go-Round Enterprises Inc. v. Molnar,10 Conn. App. 160, 162 (1987).
Defendant does not argue the inequity of the plaintiff CT Page 5773 acquiring by strict foreclosure property having a value of $77,000 against a debt, with fees and costs, of about $3000, a judgment which it did not appeal. However, even if it had so argued, the statutory rigors of § 49-15, would forbid relief after title had vested in defendant.
This case reveals the bureaucratic stupidity of a large bank, owing a fiduciary duty to its depositors and yet failing to act diligently and prudently to protect its assets. It's a sad tale, indeed.
The motion to dismiss and/or to reopen is denied.
Satter, J.