[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff has moved for summary judgment against the defendant Renwood Mansfield Associates Limited Partnership (Motion dated August 3, 1994), the holder of a mortgage following plaintiff's mortgage on the subject property. Said defendant opposes the motion claiming that there was a merger of plaintiff's mortgage with the subject property when plaintiff accepted a deed to the property in lieu of foreclosure. Said defendant also claims that there is no debt to the plaintiff and absent a debt there can be no mortgage. Plaintiff claims that under Glotzer v. Keyes, 125 Conn. 227
(1939), the existence of an intermediate estate (i.e. said defendant's mortgage) precludes merger. Defendant admits the existence of the intermediate estate but claims, nonetheless, intent to merge or not to merge is relevant, and that the issue of intent is a factual issue. Plaintiff claims that the debt of the original mortgagor of its mortgage was not released and that the borrowers were merely given a covenant not to sue. Defendant claims that is not sufficient evidence to show a debt still exists.
"Summary judgment should be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Practice Book § 384.
Glotzer v. Keyes, 125 Conn. 227 (1939) states that in determining whether merger has occurred absence of evidence to the contrary is important as is whether the mortgagee would be prejudiced. Therefore, as defendant Renwood Associates Limited Partnership (hereinafter "RALP") claims, the intent of the lender CT Page 12632 involved in the deed in lieu of foreclosure is a relevant issue. ". . . merger is held to be directly related to the lender's intent when accepting a deed . . . ". Connecticut Foreclosures, AnAttorney's Manual of Practice and Procedure, Denis Caron, 1993 Cumulative Supplement, page 220. RALP, in its special defenses and its briefs, has brought into issue the question of intent of the lender and has claimed that actions by plaintiff in controlling and managing the subject property is evidence of intent to merge notwithstanding the language in the deed of conveyance, which it claims is self serving. Although RALP may not prevail on this issue at time of trial, determination of such intent is a genuine and material issue of fact that is in dispute.
Another issue raised by RALP in its special defenses and briefs is whether the mortgage debt was extinguished by the conveyance to the plaintiff's predecessor. ConnecticutForeclosures, supra, at pages 221, 222 states ". . . it is axiomatic that there can be no security if there is no debt." Therefore, if there is no security, there is nothing to foreclose by the plaintiff. The question, then, is whether or not a debt still exists. Connecticut Foreclosures, supra, page 222, states that ". . . the problem is easily resolved by means of a covenant not to sue (which was given in the case at bar) to the debtor. However, Attorney Caron cites no Connecticut law or cases for this proposition. The court's own research has found cases out of state which seem to stand for this proposition. However, they are not binding here. The cases submitted to the court at the last hearing seem to support plaintiff's argument, but they, too, are out of state. Furthermore, there may be more than one definition or interpretation of the word "debt". For example, if the debtor cannot be sued, then he has no liability, and he owes nothing to the plaintiff. If he has no obligation, how can there be a debt from him?
A further example; if the alleged debt at the time of the conveyance was $2,300,000 and the appraisal was the same or more, and the property was conveyed to the bank, the bank received $2,300,000 in value for the debt, leaving no debt; or if the appraisal was only $2,000,000, then the debt would be only $300,000 and that would be the amount to redeem even if there were no merger.
The issues of the amount of the debt, appraisals, etc. still have to be determined. Plaintiff's counsel argues that that can be determined on short calendar during the foreclosure proceeding, but CT Page 12633 factual evidence will have to be introduced, and the hearing could become a partial trial on the issues raised. Also, there still has to be evidence concerning intent to merge.
Perhaps, evidence of intent may be relevant as to the meaning of the word "debt." That, too, would be a factual issue.
In the recent case of Hare v. McCellan, 234 Conn. 581 (August, 1995) the court found that there were different definitions of the word "contiguous" and that the trial court should have considered extrinsic evidence including the intent of the parties. The court concluded that summary judgment should not have been granted.
Notwithstanding the examples given above, RALP may still not prevail at trial. However, this court, nevertheless, concludes, based upon the above, that material and genuine issues of fact exist that are in dispute.
Accordingly, the plaintiff's motion for summary judgment is denied.