[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKESPECIAL DEFENSE AND COUNTERCLAIM
On April 8, 1986, Buselli Associates, acting through its general partner, Victor Buselli, entered into a commercial revolving loan arrangement with the plaintiff whereby the plaintiff agreed to advance sums to Buselli Associates up to the maximum amount of $1,000,000.00. According to the plaintiff, on April 8, Buselli Associates was then indebted to the plaintiff for $1,000,000.00. To secure this loan, Buselli Associates, acting through its general partner, Victor Buselli, executed an open-end mortgage deed in favor of the plaintiff and on a parcel of land (the premises) located at 41-55 South Main Street and CT Page 303-Y 24-30 Brook Street in the City of Waterbury. The plaintiff also alleges that to further secure the note, Buselli Associates assigned the leases and rentals from the premises to the plaintiff on April 8. On March 17, 1987, the parties entered into a modification agreement whereby the amount of the revolving loan increased to $2,000,000.00. The parties also modified the mortgage on March 17.
On November 26, 1990, the plaintiff exercised its right to demand payment on the loan from Buselli Associates' partners, Victor Buselli, Walter Lewis, Jr., and Robert Williams. The plaintiff and these defendants then entered into a forbearance agreement whereby the plaintiff would forebear from enforcing its rights until February 1, 1995 under certain conditions. On February 1, the plaintiff alleges that these defendants defaulted on the loan by failing to make the required payment to the plaintiff. Accordingly, the plaintiff brings this present action of foreclosure on the premises to satisfy the debt owed to it by the above defendants. The plaintiff also brought suit against the Federal Deposit Insurance Corporation and the Gerrity Company, Inc. because these defendants also claim an interest in the premises.
In count two of the revised complaint, the plaintiff alleges that Victor Buselli, Walter Lewis, Jr. and Robert CT Page 303-Z Williams jointly, severally and unconditionally guaranteed the payment of the above mentioned loan. Since the loan has not been satisfied, the plaintiff alleges a cause of action against these defendants pursuant to their guarantee agreement.
On August 15, 1996, Buselli Associates filed an answer, a special defense and a two count counterclaim to the plaintiff's action. By way of its special defense, Buselli Associates alleges that the plaintiff, as assignee of The Mortgage Center, Inc., was the prime tenant of the premises and Buselli Associates was the landlord. Pursuant to the lease and its modifications, the last of which is dated June, 1990, the plaintiff was obligated to pay Buselli Associates $25,303.33 per month in addition to the real estate taxes that became due on the premises. The parties renewed the lease for an additional five year term on July 25, 1994. According to Buselli Associates, the rental payments were to be applied to Buselli Associates' debt up to March 1, 1995.
Buselli Associates asserts that in April of 1996, the plaintiff and Buselli Associates agreed that the mortgage would be restructured so that it would be satisfied by the renewed lease payments paid by the plaintiff as the tenant. According to Buselli Associates, the plaintiff has failed to pay the rent and taxes on the premises since March 1, 1995. Buselli CT Page 303-AA Associates alleges that as a result, the plaintiff has breached its duty and covenant of good faith and fair dealing with the defendant in that the plaintiff never intended to fulfill its agreement. Furthermore, the defendant alleges that this breach has placed the defendant in a default position which would not have occurred if the plaintiff abided by its agreement since the remaining term of the lease would have allowed the defendant to pay off the mortgage and refinance the property at a lower amount. The defendant asserts that the plaintiff is equitably estopped from foreclosing on its mortgage.
In count one of its counterclaim, Buselli Associates incorporates the allegations of its special defense and alleges that as a result of the plaintiff's breach, Buselli Associates has sustained money damages. Buselli Associates also incorporates the allegations in its special defense and alleges in count two of its counterclaim that the plaintiff's actions constitute a violation of General Statutes § 42-110 et seq.
On September 13, 1996, the plaintiff filed a motion to strike requesting the court to strike Buselli Associates' special defense and counterclaims. The plaintiff argues in support of its motion that the special defense, although it may amount to a cause of action for breach of a lease, is not a proper defense in an action of foreclosure. Furthermore, the CT Page 303-BB plaintiff argues that the counterclaims should be stricken because both counts do not arise out of the transaction alleged in the plaintiff's complaint.
"A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (1983). A party may also use a motion to strike "to challenge the sufficiency of a counterclaim." Fairfield LeaseCorp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985). "The motion to strike . . . admits all facts well pleaded." Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980).
The plaintiff argues that Buselli Associates' special defense should be stricken because it is not a valid defense to the plaintiff's foreclosure action. "At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citations omitted.) Petterson v.Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927). The Supreme Court of Connecticut has stated, however, that "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Glotzer v.CT Page 303-CCKeyes, 125 Conn. 227, 231, 5 A.2d 1 (1939). "Equity will not afford its aid to one who by his conduct or neglect has put the other party in a situation in which it would be inequitable to place him." Id., 231-32.
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
By way of its special defense, Buselli Associates alleges that the parties restructured the mortgage so that the mortgage would be satisfied by the plaintiff's lease payments. According to the defendant, the plaintiff breached this agreement, upon which Buselli Associates relied, and, as a result of the plaintiff's breach, Buselli Associates has been placed in a position of default on the loan. Assuming the truth of Buselli Associates' special defense, the actions of the plaintiff concerning the mortgage and all of the surrounding agreements inequitably placed Buselli Associates in a position of default CT Page 303-DD which, according to Buselli Associates, would never have occurred if the plaintiff satisfied its obligations under the mortgage restructuring agreement.
Moreover, "[a] trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946
(1980). According to Buselli Associates' allegations, the parties restructured the mortgage so that it would be reduced by the plaintiff's rental payments. Buselli Associates alleges that the plaintiff has refused to pay the rent on the premises and, therefore, the mortgage has not been reduced. Therefore, assuming the truth of Buselli Associates' allegations, the amount due on the mortgage may have to be reduced by the court. Accordingly, Buselli Associates has alleged a proper special defense.
The plaintiff also moves to strike Buselli Associates' counterclaims because the counterclaims do not arise out of the facts alleged in the plaintiff's complaint. "Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that CT Page 303-EE each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Practice Book § 116. Where the counterclaim parallels a defendant's special defense, the transaction test is satisfied. Connecticut Bank v. Voog, 233 Conn. 352, 368,658 A.2d 172 (1995).
In the present case, the plaintiff filed an action of foreclosure on the mortgage. Buselli Associates alleges that the parties entered into an agreement restructuring this mortgage so that the plaintiff's rental payments would be applied to reduce the amount due under the mortgage. According to Buselli Associates, the plaintiff breached this agreement causing it to incur damages since it was forced into default. The actions alleged in the counterclaims directly relate to the parties' agreement as to how the mortgage would be satisfied. Therefore, the allegations in the counterclaim arise out of the plaintiff's obligations under the mortgage restructuring agreement and, therefore, the counterclaim alleges facts arising out of the plaintiff's action to foreclose on the mortgage.
Therefore, the court denies plaintiff's Motion to Strike Defendants' Special Defenses and Counterclaim.
KULAWIZ, J. CT Page 303-FF