[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES #128
This foreclosure action arises out of a real estate transaction between the plaintiff, Decorator Telephone, Inc., and the defendants, Richard J. DeMato, Jr., and Harriet S. DeMato. The plaintiff alleges that on November 19, 1992, the defendants executed a promissory note in its favor in the principal amount of $650,000. To secure this note, the defendants executed a mortgage on real property located on and known as Rogers Island, Branford, Connecticut, in favor of the plaintiff. The note and mortgage are currently owned by the plaintiff and the defendants have defaulted on the debt. The plaintiff seeks strict foreclosure of the mortgage, immediate possession of the mortgaged premises, and a deficiency judgment against the defendants.
On February 21, 1995, the defendants filed a revised answer, two special defenses and a five-count counterclaim. The first special defense asserted fraud and the second special defense asserted a set-off. The counterclaims sounded in breach of written purchase and sales agreement, fraud, violation of General Statutes § 42-110a (CUTPA) and misrepresentation.
In March of 1995, the plaintiff filed a motion to strike the February 21, 1995 special defenses and counterclaims on the CT Page 8663 ground that they were not proper allegations in a foreclosure action, which motion was granted by the court, Celotto, J., in April of 1995. The plaintiff then filed a motion for judgment on the counterclaims based upon the defendants' failure to plead over within fifteen days as required by Practice Book § 157. This motion was granted on July 17, 1995 by Judge Celotto, who entered judgment on the counterclaims in favor of the plaintiff.
On March 1, 1996, the defendants filed a request for leave to file an amended answer and special defenses together with an amended answer and five special defenses. The plaintiff did not object to the defendants' request for leave to amend. In their amended special defenses, the defendants allege that the plaintiff's foreclosure action arises out of a single real estate transaction involving the sale of Rogers Island from the plaintiff to the defendants. The defendants allege that as part of this single transaction, the plaintiff and the defendants entered into a ten page "Agreement of Sale of Real Estate" (sales agreement) on August 19, 1992. They claim that the sales agreement provided, inter alia, that Rogers Island "is serviced by city water and a septic system. Seller has no problem with the city water or septic system." The defendants further claim that the sales agreement provided that "any septic tank and leaching fields serving the premises shall be entirely within the lot lines, serve no other premises, and conform to and not violate all Federal, State and Municipal regulations concerning the same. . . ." The defendants also allege that the mortgage, which is the subject of this foreclosure action, is a purchase money mortgage made between the plaintiff (mortgagee) and the defendant (mortgagor). Ultimately, the defendants allege that Rogers Island was in fact not serviced by a septic system, was not serviced by leaching fields, had no septic tank or leaching fields within the lot lines, and that the only waste disposal system existing on Rogers Island consisted of an underground discharge pipe which deposited raw sewage directly into Long Island Sound in violation of Federal, State and Municipal regulations.
The first special defense sounds in breach of express warranty. The second special defense sounds in breach of implied warranty. The third special defense alleges a breach of express promises and representations. The fourth special defense alleges that plaintiff's actions were not in good faith and were unconscionable. The fifth special defense alleges that the court should deny the equitable remedy of foreclosure based upon all of the facts and circumstances alleged in the amended special CT Page 8664 defenses. The plaintiff has now moved to strike all five special defenses.
A motion to strike properly tests the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Furthermore, the court must construe the facts alleged in the challenged pleading most favorably to the pleader and if those facts would support a defense or a cause of action, the motion to strike must be denied. Waters v. Autuori,236 Conn. 820, 825-26, 676 A.2d 357 (1996).
Practice Book § 164 establishes the parameters of a valid special defense and provides in pertinent part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." Thus, "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992).
The plaintiff moves to strike the defendants' five special defenses on the ground that "said Special Defenses are not proper allegations in a foreclosure action." However, in its memoranda in support of its motion to strike, the plaintiff not only argues that the specific special defenses asserted by the plaintiff are improper in a foreclosure proceeding, but also argues that this court should strike the special defenses based on res judicata and the law of the case doctrine.
In their opposition memoranda, the defendants respond that this court should not consider the plaintiff's res judicata and law of the case arguments because they were not specifically set forth in the plaintiff's motion to strike. Additionally, the defendants argue that the doctrines of res judicata and law of the case are inapplicable in the present case and that the five special defenses are proper defenses to a foreclosure action.[1]
CT Page 8665
A. Res Judicata The Law of the Case
Practice Book § 154 provides that "[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." InBouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991), the defendant's motion to strike the plaintiff's complaint merely stated that the plaintiff had "failed to state a ground on which relief can be granted." However, in its supporting memorandum, the defendant advanced two specific legal arguments in support of its motion to strike. Id., 468. Our Supreme Court stated that "[b]ecause the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was `fatally defective' under Practice Book § 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. See Morris v. Hartford Courant Co., 200 Conn. 676,683 n. 5, 513 A.2d 66 (1986). We, nevertheless, consider the defendant's motion in the form presented to the trial court due to the plaintiff's failure to object to its form and the nonjurisdictional nature of § 154." Id., 468 n. 4. "Where, however, the opposing party files an objection to the form of a motion, the court may not waive compliance with Practice Book § 154." Wright v. Hutt, Superior Court, judicial district of Middlesex at Middletown, Docket No. 66264 (February 27, 1996, Stanley, J.).
In the instant motion to strike, the plaintiff only specifies the impropriety of the defendants' special defenses in a foreclosure action as the reason supporting its motion to strike. It then proceeds to advance two wholly distinct arguments in its supporting memoranda. Significantly, the defendants have repeatedly objected to the plaintiff's attempts to base its motion to strike on grounds not specified in the motion itself.[2] Because the plaintiff has failed to distinctly specify the doctrines of res judicata and the law of the case in its motion to strike, and, because the defendants have objected to this defect, the court may not consider the doctrines of res judicata and the law of the case when passing upon the plaintiff's motion to strike.
Moreover, even if the plaintiff had properly specified the doctrines of res judicata and the law of the case in its motion, CT Page 8666 these doctrines would not support granting the motion to strike.
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment is the appropriate method for resolving a claim of res judicata." Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993).[3] "A motion to strike is not the proper method by which to raise the issue of res judicata and collateral estoppel." StatewideGrievance Committee v. Presnick, 216 Conn. 127, 137 n. 3,577 A.2d 1054 (1990); see Tremaine v. Tremaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149565 (May 1, 1996, Karazin, J.) (The court denied the defendant's motion to strike the plaintiff's complaint on the grounds of res judicata and collateral estoppel because res judicata and collateral estoppel are not proper grounds for a motion to strike.). In the present action, the plaintiff has improperly attempted to raise the doctrine of res judicata by motion to strike.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . It expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . Nonetheless, we observed in Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066
(1982)] that the law of the case doctrine is not one of unbending rigor when we said: A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Miller v. Kirshner, 225 Conn. 185,191-92, 621 A.2d 1326 (1993). In the present case, the plaintiff argues, in its supplemental memorandum in support of its motion to strike, that this court should strike all five of the defendants' special defenses because Judge Celotto granted the plaintiff's previous motion to strike. Essentially, the plaintiff argues that Judge Celotto has already addressed the special defenses currently before this court.
The first of the earlier special defenses alleged fraud and CT Page 8667 the second alleged a set-off.[4] The defendants' five current special defenses, when read in their most favorable light, respectively allege breach of express warranty, breach of implied warranty, breach of express promise and representations, breach of good faith and that the court should deny the equitable remedy of foreclosure based upon the facts and circumstances alleged in the amended special defenses. The law of the case doctrine is inapplicable in the present action because Judge Celotto ruled on different special defenses. See Norwalk Savings Society v.Krondes, Superior Court, judicial district of Fairfield, Docket No. 277459 (January 9, 1995, Levin, J.) (Where the "court's previous ruling was based on special defenses that contained different allegations, the law of the case doctrine is inapplicable.")
In summary, neither res judicata nor the law of the case support the plaintiff's motion to strike.
B. The Propriety of the Special Defenses
At common law, the only defenses to an action of foreclosure were payment, discharge, release, satisfaction, or, if there had never been a valid lien. Petterson v. Weinstock, 106 Conn. 436,441, 138 A. 433 (1927). In Petterson v. Weinstock, our Supreme Court recognized accident, mistake, and fraud as additional defenses available in a foreclosure action and noted that the recognition of these additional defenses to foreclosure represented "a fine example of the triumph of equitable principles over the arbitrary and unjust dogmas of the common law." Id., 442. "Because a mortgage foreclosure action is an equitable proceeding the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynoldsv. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). "[A] trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v. Taylor,180 Conn. 491 497 429 A.2d 946 (1980). "An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Glotzer v. Keyes,125 Conn. 227, 231, 5 A.2d 1 (1939). "Equity will not afford its aid to one who by his conduct or neglect has put the other party in a situation in which it would be inequitable to place him." Id., 231-32. "Thus, the trial courts of this state have permitted defendants to raise several additional equitable defenses in CT Page 8668 foreclosure actions, including equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) ALI, Inc. v. Veronneau, Superior Court, judicial district of Waterbury, Docket No. 126431 (October 11, 1996, Kulawiz, J.).
"These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) BerkeleyFederal Bank Trust v. Phillips, Superior Court, judicial, district of Fairfield at Bridgeport, Docket No. 317957 (Jan. 23, 1996, West, J.). See also Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). "Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.).
The foregoing rule, limiting special defenses in a foreclosure action to those that attack the making, validity or enforcement of the note or mortgage and prohibiting special defenses predicated upon factors outside of the note or mortgage, and its underlying rationale, are logical and reasonable where the foreclosing mortgagee is a lender who provided the defaulting mortgagor/purchaser with the funds necessary to purchase the property from an independent third party seller. In this situation, it is reasonable to allow the mortgagee to foreclose upon the note and mortgage regardless of any actions taken, or representations made, by the third party seller because the mortgagee had no control over, or relationship with, the third party seller. In that situation, it can truly be said that a defense against the mortgagee, based on the actions of the third party seller, is not connected with the subject matter of the CT Page 8669 foreclosure action and does not arise out of the same transaction as the issuance of the note and mortgage.
Conversely, the general rule and its rationale are neither logical nor reasonable where, as in the present case, the mortgagee is also the seller of the mortgaged property. In this situation, while the actions taken, or representations made, by the mortgagee/seller to the mortgagor/purchaser during the execution of a contract for the sale of the property fall outside of the making, validity or enforcement of the note or mortgage, such actions and representations are nonetheless intimately connected with the subject matter of the foreclosure and arise out of the same transaction. Where, as here, the mortgagee is also the seller, it would be inequitable to permit the mortgagee/seller to enjoy the rights of a mortgagee by foreclosing on the note and mortgage, while avoiding the responsibilities of a seller by preventing the mortgagor/purchaser from raising special defenses based upon the mortgagee/seller's conduct as a seller. Where the mortgagee is also the seller of the mortgaged property, equity requires that the mortgagor/purchaser be permitted to raise special defenses to foreclosure beyond merely attacking the making, validity or enforcement of the note or mortgage.
In Ruitto v. Crowley and Holmes, Superior Court, judicial district of Middlesex, Docket No. 64775 (June 22, 1993, Walsh, J.), the defendants purchased certain riverfront property from the plaintiffs for the purpose of developing a marina. As part of this transaction, the defendants executed a promissory note in the amount of $75,000 in favor of the plaintiffs. This note was secured by a purchase money mortgage executed by the defendants in favor of the plaintiffs. The plaintiffs instituted a foreclosure action because the defendants had failed to make the required installment payments. The defendants maintained that the plaintiffs knew that the defendants intended to use the property as a marina. Furthermore, the defendants alleged that the plaintiffs expressly and impliedly represented that the property was suitable for marina use. The defendants asserted five special defenses.[5] These special defenses were all based upon the actions taken, and representations made, by the plaintiffs (mortgagees/sellers) in their capacity as sellers and as such do not attack the making, validity or enforcement of the note or mortgage. However, the court denied the plaintiff's motion to strike four of the five special defenses.[6] Unfortunately, the court did not expound upon its decision to permit special CT Page 8670 defenses to foreclosure which fell outside of the making, validity or enforcement of the note or mortgage.[7]
Nonetheless, Ruitto v. Crowley and Holmes at least provides an example of a situation in which the mortgagee/seller was not permitted to cloak itself in its status as a mortgagee and seek foreclosure while shielding itself from special defenses based upon its actions as the seller of the property.
1. The First, Second And Third Special Defenses
The first, second and third special defenses all allege that the present action arises out of a single transaction in which the plaintiff sold Rogers Island to the defendants.
The first special defense alleges that the sales agreement expressly warranted that Rogers Island "is serviced by city water and a septic system. Seller has had no problem with the city water or septic system." The first special defense alleges that the sales agreement further warranted that "any septic tank and leaching fields serving the premises shall be entirely within its lot lines, serve no other premises, and conform to and not violate all Federal, State and Municipal regulations concerning the same including location thereof."
The second special defense claims that the plaintiff impliedly warranted that Rogers Island was serviced by a septic system and that it had no problems with the system. The third special defense alleges that the plaintiff expressly promised and represented that Rogers Island "is serviced by city water and a septic system. Seller has no problem with the city water or septic system." The third special defense further claims that the plaintiff expressly represented and promised that "any septic tank and leaching fields serving the premises shall be entirely within its lot lines, serve no other premises, and not violate all Federal, State and Municipal regulations concerning the same . . ."
The first, second and third special defenses allege that the plaintiff breached its express warranties, implied warranties and express promises and representations, respectively, because Rogers Island "was not serviced by a septic system . . . was not serviced by leaching fields . . . [and] no septic tank or leaching fields were within the lot lines . . . [and] the only waste disposal `system' was an underground discharge pipe which deposited raw sewage directly into Long Island Sound and violated CT Page 8671 Federal, State and Municipal regulations. . . ."
Although the first three special defenses do not attack the making, validity or enforcement of the note or mortgage, they do arise out of a single transaction between the plaintiff and the defendant in which the plaintiff (mortgagee/seller) sold Rogers Island to the defendants (mortgagors/buyers). It would be inequitable to prevent the defendants from raising these special defenses, and the plaintiff's motion to strike as it pertains to those special defenses is therefore denied.
2. The Fourth Special Defense
The fourth special defense incorporates the material allegations of the first three special defenses and alleges that the plaintiff's actions were not in good faith and were in violation of General Statutes §§ 42a-1-201 (19), 42a-1-203 and42a-2-103 and the common law. Additionally, paragraph fifteen of the fourth special defense asserts that the actions of the plaintiff "were unconscionable within the meaning of §42a-2-302 of the General Statutes and the common law."
The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 566, 479 A.2d 781 (1984). "Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Id., 567. Although the Uniform Commercial Code, General Statutes §42a-1-101 et seq., is formally limited to transactions involving personal property,[8] it may furnish a guide for the law governing real property mortgages. Olean v. Treglia,190 Conn. 756, 762, 463 A.2d 242 (1983). Moreover, the implied covenant of good faith and fair dealing has been recognized as a valid special defense to an action of foreclosure. Berkeley FederalBank Trust v. Phillips, supra, Superior Court, Docket No. 317957; Dime Savings Bank v. Albir, supra, Superior Court, Docket No. 132582. Although the fourth defense does not attack the making, validity or enforcement of the note or mortgage, the defendants' defense of breach of the covenant of good faith and fair dealing does arise out of the previously discussed transaction between the plaintiff and the defendants. The motion to strike the fourth special defense is denied, except as it pertains to paragraph fifteen.[9]
CT Page 8672
"The purpose of the doctrine of unconscionability is to prevent oppression and unfair surprise. . . . As applied to real estate mortgages, the doctrine of unconscionability draws heavily on its counterpart in the Uniform Commercial Code which, although formally limited to transactions involving personal property, furnishes a useful guide for real property transactions. . . . As Official Comment 1 to § 2-302 of the Uniform Commercial Code suggests, [t]he basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." (Citations omitted; internal quotation marks omitted.) Family Financial Services, Inc. v.Spencer, 41 Conn. App. 754, 763, 677 A.2d 479 (1996). "Unconscionability generally requires a demonstration of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." (Internal quotation marks omitted.) EmleeEquipment Leasing v. Waterbury Transmission, 31 Conn. App. 455,464, 626 A.2d 307 (1993).
Paragraph 15 of the fourth special defense is conclusory and fails to allege the existence of a one-sided clause contained in the sale agreement which could be considered unconscionable. Paragraph 15, and only paragraph 15, of the fourth special defense is therefore stricken.
3. The Fifth Special Defense
The fifth special defense states: "Based on all the facts and circumstances present herein, the court should deny the equitable remedy of foreclosure sought by the plaintiff." This special defense is conclusory and fails to allege any facts that demonstrate that the plaintiff has no cause of action.
In summary, the plaintiff's motion to strike as to the first, second, third and fourth special defenses is denied, except as to paragraph 15 of the fourth count. The motion to strike paragraph 15 of the fourth special defense and all of the fifth special defense is granted.
Jonathan E. Silbert, Judge